IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FRED GARDNER** and **CONCERNED CITIZENS FOR LITTLE CANYON MOUNTAIN,** an Unincorporated Association,<br><br>        Plaintiffs,<br><br>vs.<br><br>**UNITED STATES BUREAU OF LAND MANAGEMENT**,<br><br>        Defendant. | Civil Case No. 07-1722-SU<br><br>OPINION AND ORDER |

    Marianne Dugan
    259 E. 5th Avenue, Suite 200-D
    Eugene, Oregon  97401

        Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

Dwight C. Holton
United States Attorney
District of Oregon
Stephen J. Odell
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

      Attorneys for Defendant

KING, Judge:

Plaintiffs Fred Gardner and Concerned Citizens for Little Canyon Mountain bring suit against the United States Bureau of Land Management ("BLM") arising from the BLM's treatment of off-road vehicle use on federal land in the Little Canyon Mountain.  Judge Patricia Sullivan issued Findings and Recommendation denying plaintiff's motion for summary judgment and granting the BLM's cross-motion for summary judgment, which I adopted in June 2009.  Plaintiffs appealed.  Pending before me is plaintiffs' Motion for Injunction Pending Appeal (#58).

Plaintiffs move for an injunction pursuant to Federal Rule of Civil Procedure 65.  The appropriate vehicle, however, is Federal Rule of Civil Procedure 62(c).  That rule permits the trial court to "suspend, modify, restore or grant an injunction" while an appeal is pending from a final judgment that "grants, dissolves, or denies an injunction[.]"  Fed. R. Civ. P. 62(c).  Plaintiffs sought injunctive relief in their lawsuit, which was denied.

As the BLM points out, several factors operate against granting plaintiff's motion.  As an initial matter, plaintiffs neglect to offer any explanation for waiting over a year to seek an injunction.  Argument to the Ninth Circuit has already taken place.  More importantly, however,

the relief plaintiffs request does not fall within the strictures of Rule 62(c). Specifically, the court's authority is limited to "preserv[ing] the status quo" and it may not "adjudicate anew the merits of the case." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001) (quoting Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001)). In short, the court's action should not "materially alter the status of the case on appeal." Id. Here, plaintiffs seek "an injunction preventing OHV use in the Little Canyon Mountain area." Pls.' Mem. in Supp. of Mot. for Injunction at 2. As such, they seek the kind of relief that I previously denied them in June 2009. Since plaintiffs do not request to preserve the status quo pending the Ninth Circuit's opinion on appeal, I deny plaintiffs' Motion for Injunction Pending Appeal.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Injunction Pending Appeal (#58) is denied.

IT IS SO ORDERED.

Dated this _____18th_____ day of February, 2011.

                                                        /s/ Garr M. King
                                                        Garr M. King
                                                        United States District Judge